104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
U-SERIES INTERNATIONAL SERVICES, LTD., Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, WILLIAM J. SNIDER, individually
and as Forfeiture Counsel in the U.S. Drug Enforcement
Administration; DWAYNE M. DODDS, individually and as a
Special Agent of the DEA, UNKNOWN AGENTS OF THE DEA,
individually and as Agents of the U.S. Drug Enforcement
Agency and ZEEV TAMBOR, d/b/a OMEGA IMPORT & EXPORT,
Defendants-Appellees.
 No. 96-6011.
 United States Court of Appeals, Second Circuit.
 Nov. 19, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Mukasey, Judge).
 APPEARING FOR APPELLANT: K.C. Okoli, New York, NY.
 APPEARING FOR APPELLEES: Robert W. Sadowski, Assistant United States Attorney, Southern District of New York, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, OAKES and PARKER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel for the appellant and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 U-Series, a Nigerian corporation, appeals from an Amended Opinion and Order of the District Court dated November 6, 1995, granting summary judgment for the government and dismissing U-Series's complaint.
 
 
 4
 U-Series is in the business of importing electronics from the United States to Nigeria. It ordered some electronics from Zeev Tambor, one of the defendants below, who was doing business as Omega Import & Export ("Omega"). Both U-Series and Omega were under investigation by the Drug Enforcement Administration ("DEA") because the DEA suspected them of laundering money for heroin traffickers. The DEA obtained a warrant and seized the electronics from their cargo container on July 22, 1992.
 
 
 5
 Following the seizure, the DEA commenced an administrative forfeiture by sending a notice of the seizure to U-Series and publishing notice of the seizure in USA Today. The notice arrived at U-Series after the deadline for response, but U-Series acknowledges that it received actual notice of the seizure in a telephone call with Omega and received a copy of the seizure notice from them as well. On the last day that U-Series could file a claim in district court it failed to do so, but filed a remission petition with the DEA instead. The DEA denied the petition. U-Series then requested reconsideration, and supplied additional evidence purporting to establish the legitimacy of the transaction. The DEA denied this request on the ground that the new evidence could have been presented with the first petition.
 
 
 6
 U-Series then filed this complaint on April 15, 1994. On June 30, 1994, the government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, or, alternatively, for summary judgment. The district court granted the motion for summary judgment, and dismissed the complaint.
 
 
 7
 Under the statutory and regulatory scheme governing the civil forfeiture of goods related to drug transactions, the government is required to publish notice of seizures. 19 U.S.C. § 1607(a). A party claiming an interest in the property is given 20 days from the publication of the notice to file a claim and bond with the government. Id. § 1608. If the plaintiff does not file a claim within this time period, the property is administratively forfeited. Id. § 1609. The plaintiff may then petition the DEA for remission or mitigation of forfeiture. Id. § 1618; 21 C.F.R. §§ 1316.79, 80; 28 C.F.R. §§ 9.3, 9.4. The district court may not review the merits of the plaintiff's claim at this point, but may only review the DEA proceedings for procedural defects. United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2d Cir.1992); Onwubiko v. United States, 969 F.2d 1392, 1398 (2d Cir.1992).
 
 
 8
 Here, there is no dispute that the government sent a notice of seizure to Omega that named U-Series as the owner of the property, and that the president of U-Series, Uchenna Okwuchukwu, saw that notice. Nor is it disputed that the government caused a notice to be published in USA Today, and that U-Series failed to file a claim with a district court within the deadline. Therefore, the only element of this case that the district court had subject matter jurisdiction to review was the constitutional adequacy of the notice of the seizure. This it did, holding that actual notice is sufficient. This holding was correct. See One 1987 Jeep Wrangler, 972 F.2d at 482. U-Series also complains that it was given neither a meaningful opportunity to be heard nor an opportunity to cross-examine witnesses, but it could have had both of these if it filed its complaint on time. Therefore, the district court properly granted summary judgment and dismissed U-Series's complaint.